### STATE v. JAMES EDWARD HICKS.

(Filed 18 October, 1950.)

**Criminal Law § 67c—**

Where defendant appellant merely requests that the judgment against him be modified solely on the ground that it was harsh, unreasonable, and excessive, the appeal presents no legal question for decision and will be dismissed.

APPEAL by defendant from *Bone, J.,* June Term, 1950, of CRAVEN.

Criminal prosecution on indictment charging the defendant with a felonious assault upon Ed Henry Sheppard with a deadly weapon with intent to kill, inflicting serious injury, not resulting in death.

The State's evidence is to the effect that on Sunday afternoon, 11 September 1949, the defendant went to the store of Virginia Latham in James City, Craven County, discovered Ed Henry Sheppard therein, accused him of having broken into the defendant's house and stolen some money and demanded that he turn over to the defendant the sum of $40.00. Upon denial of the accusation, the defendant whipped out a pistol, shot him in the chest and inflicted a serious injury, requiring hospitalization for two weeks.

The defendant tendered a plea of *nolo contendere* to the lesser offense of an assault with a deadly weapon, which was accepted by the solicitor.

Judgment: Two years on the roads.

The defendant appeals from the judgment as being harsh, unreasonable and excessive.

*Attorney-General McMullan and Assistant Attorney-General Rhodes for the State.*

*L. T. Grantham and H. P. Whitehurst for the defendant.*

STACY, C. J. In the defendant's brief he asks simply that the judgment be "modified," not that it be declared void or vacated, and this is the whole of his brief. No authority is cited and no reason is given for the request. The brief presents no legal question for decision and hardly suffices to retain the appeal on our docket.

Appeal dismissed.